**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARK PLASKON,<br><br>*Plaintiff,*<br><br>v.<br><br>MORRIS COUNTY PROSECUTOR,<br><br>*Defendant.* | Case No.: 2:25-cv-03240-JKS-JBC<br><br>**OPINION AND ORDER**<br><br>February 20, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** is before this Court upon *pro se* Plaintiff Mark Plaskon's ("Plaintiff") filing of a Complaint and an application to proceed *in forma pauperis* ("IFP application") (ECF 1. "Compl."), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 8(a); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he or she is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

**WHEREAS** having reviewed Plaintiff's application, the Court finds leave to proceed *in forma pauperis* is warranted, and the application is **GRANTED**; and

**WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *See Shorter*, 12 F.4th

at 371. *Pro se* complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8(e). However, a *pro se* complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and citation omitted). Factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; and

**WHEREAS** the facts alleged in Plaintiff's *pro se* Complaint are insufficient to state a claim upon which relief may be granted because they "do not permit [this Court] to infer more than the mere possibility" that Defendant Morris County Prosecutor's Office ("MCPO") violated his rights. *Iqbal*, 556 U.S. at 679; and

**WHEREAS** although Plaintiff's specific claims are unclear, on his civil cover sheet, Plaintiff indicates that the nature of his suit is "misconduct" and "corruption." (ECF 1-1.) In his Complaint, Plaintiff first appears to allege that the MCPO engaged in prosecutorial misconduct and negligence for failing to investigate and prosecute Ann M. Cucci ("Cucci"), for allegedly infecting Plaintiff with a sexually transmitted disease ("STD"). (*See* Compl. ¶¶ 1-5.) The Court interprets these allegations as a common law negligence claim; and

2

**WHEREAS** a negligence claim under New Jersey law against the MCPO is a tort claim subject to the New Jersey Tort Claims Act ("NJTCA"). *See D.D. v. Univ. of Med. & Dentistry of N.J.*, 213 N.J. 130, 146 (2013). The NJTCA's prosecutorial immunity provision provides that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment." N.J. Stat. Ann. § 59:3-8. A prosecutor may be liable only "if it is established that his conduct was outside the scope of his employment or constituted a crime, actual fraud, actual malice, or willful misconduct." *Saint-Jean v. Cnty. of Bergen*, 509 F. Supp. 3d 87, 114 (D.N.J. 2020) (quoting *Newsome v. City of Newark*, No. 13- 06234, 2014 WL 4798783, at *4 (D.N.J. Sept. 25, 2014); N.J. Stat. Ann. § 59:3-14a); and

**WHEREAS** under the NJTCA, "[a] public entity is liable for injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances." N.J. Ann. Stat. § 59:2-2. However, "as the New Jersey Supreme Court has explained, a county cannot be held vicariously liable for the actions of a county prosecutor 'related to the investigation and enforcement of the criminal laws of the State,' because a prosecutor in that context is acting as a State, not County, functionary." *Roberts v. Cnty. of Essex*, No. 157061, 2023 WL 2966771, at *3 (D.N.J. Apr. 17, 2023) (quoting *Wright v. State*, 169 N.J. 422, 452 (2001)); *see also Ong v. Superior Court of Hudson Cty.*, No. 1606777, 2018 WL 324722, at *5 (D.N.J. Jan. 8, 2018), *aff'd*, 760 F. App'x 133 (3d Cir. 2018)) ("County Prosecutors Offices in New Jersey . . . when performing their law enforcement functions, have regularly been held to be acting as arms of the State for Eleventh Amendment purposes."); and

**WHEREAS** here, Plaintiff has alleged that the MCPO did not charge Cucci and never interviewed Plaintiff or any other witness regarding Plaintiff's complaints about Cucci. (Compl.

3

¶¶ 1-2, 4-5, 9-10, 12.) The core of Plaintiff's allegations is that the MCPO should be held liable for the individual prosecutor's failure to bring charges against Ms. Cucci. But individual prosecutors are shielded by the decision not to prosecute a judicial proceeding within the scope of their employment, N.J. Stat. Ann. § 59:3-8, and the MCPO cannot be held vicariously liable for the actions of a county prosecutor "related to the investigation and enforcement of the criminal laws of the State[.]"[1] *Roberts*, 2023 WL 2966771, at *3; and

**WHEREAS** Plaintiff also appears to allege that the MCPO discriminated against him as a male victim of domestic violence in declining to pursue his allegations against Cucci. (Compl. ¶ 6.) Sex discrimination claims can implicate the Equal Protection Clause of the Fourteenth Amendment. *See, e.g.*, *Fuchilla v. Prockop*, 682 F. Supp. 247, 262 (D.N.J. 1987) ("Claims of sexual discrimination are cognizable under the equal protection clause.") (internal citations omitted). In such scenarios, where a defendant acts under the color of state law, 42 U.S.C. § 1983 can provide a potential cause of action for a plaintiff. *See id.* at 260; and

**WHEREAS** "[f]or a defendant to be liable under either § 1983 or the New Jersey Civil Rights Act, they must be a 'person'" as defined under those statutes.[2] *Hoffman v. Warren Cnty. Prosecutor's Off.*, No. 23-00561, 2023 WL 8271806, at *5 (D.N.J. Nov. 30, 2023) (citing 42 U.S.C. § 1983; N.J. Stat. Ann. § 10:6-2). "'[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983.'" *Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 854 (3d Cir. 2014) (quoting *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989)). "Local governmental bodies and their officials, by contrast, are regarded as 'persons'

---

[1] Plaintiff also failed to allege compliance with the NJCTA's procedural requirements. *See* N.J. Stat. Ann. §§ 59:8-7, 59:8-8.

[2] Section 1983 imposes liability on "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects ... any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983.

amenable to suit under § 1983." *Lagano*, 769 F.3d at 854 (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978)); and

**WHEREAS** as relevant here, "[w]hen a county prosecutor's office and county prosecutors 'engage in classic law enforcement and investigative functions, they act as officers of the State' and are not amenable to suit." *Ianuale v. New Jersey*, No. 18-03069, 2024 WL 4856206, at *8 (D.N.J. Nov. 20, 2024) (quoting *Coleman v. Kaye*, 87 F.3d 1491, 1505 (3d Cir. 1996)). Conversely, "county prosecutors who perform administrative functions 'unrelated to the duties involved in criminal prosecution' are acting on behalf of the county and are subject to suit." *Id.* at *9 (quoting *Lagano*, 769 at 855; citing *Coleman*, 87 F.3d at 1499). Here, MCPO would not be considered a "person" under § 1983 because MCPO's decision to not pursue Plaintiff's allegations against Cucci falls within its traditional law enforcement function of determining whether to initiate a prosecution. *See id.* at *8; and

**WHEREAS** Plaintiff further alleges that the MCPO acted corruptly and succumbed to pressure by an "outside entity or source" to not investigate or prosecute Cucci. (Compl. ¶ 14.) While not clear on its face, Plaintiff appears to allege a civil Racketeer Influenced and Corrupt Organizations Act ("civil RICO") claim against the MCPO pursuant to 18 U.S.C. § 1962. *See id.* However, a civil RICO claim would be improper here. Municipalities, and by extension counties and county prosecutor officers, are immune from civil RICO claims. *See, e.g.*, *Kadonsky v. New Jersey*, 188 F. App'x 81, 84-85 (3d Cir. 2006) (affirming District Court's dismissal of federal and state civil RICO claims against county prosecutor offices since "municipal entities are immune from [civil RICO] suit[s]"); *see also Smart v. Winslow*, 2015 WL 5455643, at *8 (D.N.J. Sept. 16, 2015) ( "County Prosecutor Offices, as municipal entities, are immune from civil RICO claims"); and

**WHEREAS** Plaintiff further alleges that he was denied the right, pursuant to N.J. Stat. Ann. § 2C:14-2.1, to "consult with the prosecuting authority before any plea negotiations are finalized." (Compl. ¶ 13.) § 2C:14-2.1(h) states that "[w]henever there is a prosecution for a violation of N.J.S.2C:14-2 [NJ Sexual Assault Statute], the victim of the sexual assault shall be provided an opportunity to consult with the prosecuting authority prior to the conclusion of any plea negotiations." However, there is no indication in the complaint that the MCPO commenced a prosecution against Cucci pursuant to § 2C:14-2, or that it engaged in plea negotiations with Cucci. (*See* Compl. ¶ 13.) In fact, Plaintiff alleges the opposite. After assessing each claim, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678.

**IT IS** on this 20th day of February 2026,

**ORDERED** that Plaintiff's application to proceed in forma pauperis is hereby **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days to file an amended complaint; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Plaintiff by certified mail.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:      James B. Clark, U.S.M.J.

6